OTTO V. AND LOIS M. NIEHUES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Niehues v. Commissioner
Docket No. 8930-79.
United States Tax Court
T.C. Memo 1980-329; 1980 Tax Ct. Memo LEXIS 258; 40 T.C.M. (CCH) 1038; T.C.M. (RIA) 80329; August 20, 1980, Filed; Motion for Reconsideration Granted In Part and Denied In Part September 29, 1980; As Amended September 29, 1980 Otto V. Niehues, pro se. Peter D. Bakutes, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court. [1] The Court agrees with and adopts the opinion of Special Trial Judge Dinan which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $448.00. The only issue for decision is whether petitioners may deduct on their 1977 return, a theft-casualty loss in the amount of $1,612.00. FINDINGS OF FACT Some of the facts have been stipulated. The stipulations of fact, together with the exhibits attached thereto, are incorporated herein by this reference. At *260 the time petitioners filed their petition, they resided in Palo Alto, California. On March 8, 1977, petitioner's residence was burglarized while petitioners were away. In the course of the burglary a number of items of personal property were taken. The parties agree that the fair market value of the purloined items, together with property damage, totaled $4,612.25. Petitioners, during 1977, had homeowners' insurance on their residence. Petitioners filed a claim with their insurer on account of the theft and damage done to their property during the burglary and received insurance payments in the total amount of $2,427.83. Petitioners subtracted the insurance payment and the $100 "floor" from the $4,162.25 determined to have been the total of the fair market value of the stolen items and the amount of the damage done to petitioners' property and deducted $1,612.00 [2] on their return as a casualty or theft loss. Upon audit of petitioners' return, respondent disallowed the entire amount of the claimed theftcasualty loss. The parties have stipulated that the fair market *261 value of each of the following items, stolen or damaged during the burglary, was at least equal to petitioners' basis in each item: Large lamp shade
$ 16.00 *
Set of wood shutters
326.00 *
3 small decorative spoons
21.00
Memorex tape recorder
45.00
Portable television
125.00
Eisenhower silver dollars
18.75
Canadian Olympus proof sets
180.00
Silver certificates
5.00
Jar of coins
30.00
$766.75
OPINION Section 165(c)(3) of the Code [3] allows a taxpayer to claim as a deduction any loss from theft or casualty sustained during the taxable year and not compensated for by insurance or otherwise. The loss is allowed only to the extent that it exceeds $100.00. The amount of the loss is the lesser of (1) the fair market value of the property immediately before the loss or (2) the adjusted basis of the property. Sections 1.165-7 and 1.165-8, Income Tax Regs. The basis of property acquired by purchase is its cost. Section 1012. The basis of inherited property ordinarily is the fair market value of the property at the date of the decedent's death. Section 1014. The basis of property acquired by gift is the same as it would be in the *262 hands of the donor or the last preceding owner by whom it was not acquired by gift except that if such basis is greater than the fair market value of the property at the time of the gift, the basis for determining loss is the fair market value of the property. Section 1015. In order for us to be able to determine whether petitioners are entitled to a theft loss, we must know petitioners' basis in the property stolen. Where petitioners fail to prove that basis, we are unable to determine the amount of the deductible loss. Elliott v. Commissioner, 40 T.C. 304 (1963). Most of the items stolen from the petitioners' home were acquired by gift or inheritance and petitioner Otto Niehues candidly testified that he could not prove any basis in those items. As to those items, therefore, petitioners have failed to carry their burden of proving their tax basis in the property. Prescott v. Commissioner, T.C. Memo. 1969-76. Petitioner Otto V. Niehues testified that he personally purchased three small decorative spoons in *263 Sweden and a gold charm bracelet with four charms for $21.00 and $210.00 respectively. These were among the items of property taken during the burglary and petitioners have claimed losses as to these items in the amounts of $21.00 and $175.00, respectively. We found Mr. Niehues to be a candid and forthright witness and accept his testimony as to petitioners' basis in the three small decorative spoons and the charm bracelet. In addition to the stipulated loss of $766.75, supra, we find that petitioners have also proved the claimed losses of $21.00 and $175.00 for a total loss of $962.75. Respondent argues that, since petitioners received an insurance payment of $2,427.83, no part of the proved loss is deductible. We disagree. It has been stipulated that the fair market value of the property damaged or taken in the burglary as of March 8, 1977, was $4,162.25. The insurance payment of $2,427.83, therefore, compensated petitioners for 58% of their loss. Applying this percentage of insurance recovery to petitioners' proved loss, we find that they had a loss, not compensated for by insurance or otherwise, in the amount of $404.35 ($962.75 X 42%). Applying the $100 floor to *264 this loss, we find that petitioners are entitled to a casualty-theft loss deduction in the amount of $304.35. Decision will be entered under Rule 155. Footnotes
1. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in the Rule are not applicable to this case.
2. This figure is $22.42 less than the correct amount resulting from petitioners' loss computation.↩
*. Damaged↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, unless otherwise indicated.↩